UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
EXCEPTIONAL MARKETING GROUP, INC.,     )
                    Plaintiff,          )
                                        )
v.                                      )
                                        ) Civil Action No. 11-12239-GAO
89 DEGREES, LLC, JEFF JONES             )
and THOMAS WOODSIDE,                    )
                    Defendants.         )
_____)
_____
EXCEPTIONAL MARKETING GROUP, INC.,     )
                    Plaintiff,          )
                                        )
v.                                      )
                                        ) Civil Action No. 11-11901-GAO
89 DEGREES, LLC, PHILLIP L. HUSSEY,    )
JEFF JONES and THOMAS WOODISDE,         )
                    Defendants.         )
_____)
```

ORDER
September 10, 2012

O'TOOLE, D.J.

The two cases present similar claims arising from the severance of an independent contractor relationship between plaintiff Exceptional Marketing Group ("EMG") and defendant Jones. Plaintiff contends that Jones, a former employee, breached his severance agreement by disclosing trade secrets and soliciting EMG customers after he began work at 89 Degrees, a Massachusetts corporation.

Plaintiff filed suit against defendants in March 2010 in a Georgia state court ("Georgia action"). The case was then removed to the Northern District of Georgia. After removal, defendants moved to dismiss the case. Defendants 89 Degrees and Woodside were dismissed for lack of personal jurisdiction.

Discovery commenced in November 2010 and concluded in late 2011. Thousands of documents were produced, depositions of both fact and expert witnesses were taken, and reports were produced. During the period of discovery, EMG dismissed five of its eight causes of action. At the conclusion of discovery, defendant Jones moved for summary judgment in his favor as to the remaining three claims.

EMG responded by filing an opposition to summary judgment, a motion to stay consideration of the summary judgment motion, and a motion to transfer the case to the District of Massachusetts. On the same day, the plaintiff filed a separate complaint in this Court ("Massachusetts action"). The Massachusetts complaint alleges similar claims on the basis of similar factual allegations. Additionally, the Massachusetts case includes Phillip Hussey, president of 89 Degrees, as a defendant and includes additional claims for civil conspiracy, violations of the Federal Computer Fraud and Abuse Act, the Federal Electronic Communications act, and Mass. Gen. Laws ch. 93A. It also seeks additional equitable remedies.

In December 2011, the District Court in Georgia granted the plaintiff's motion to transfer the case to this District and Jones' motion for summary judgment was denied without prejudice as moot.

After the Georgia case was transferred to this District, defendant Jones moved to renew his motion for summary judgment. The plaintiff then moved to consolidate the two cases, a motion the defendant Jones opposes.

Consolidation can be appropriate when similar actions involving common questions of law or fact are pending before the court. Fed. R. Civ. P. 42(a). Trial courts have "broad discretion" to weigh the costs and benefits of consolidation to determine what is in the interest of

justice. <u>Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.</u>, 878 F.2d 5, 8 (1st Cir. 1989).

Formal consolidation of these cases is not in the best interest of justice at this time. The Georgia action is far more procedurally advanced than the Massachusetts action. As to the claims against Jones, discovery has been completed, summary judgment has been briefed and the case and the issues have been significantly narrowed. In the circumstances, it is better to consider and determine Jones's motion for summary judgment. If he were to prevail on that motion, there is likely to be a narrowing effect, at least, on the claims against other defendants.

The best course of action at this time is to allow Jones to renew his motion for summary judgment. The Massachusetts action will be stayed pending the decision on this motion and consolidation may be revisited after the motion is resolved.

Accordingly, defendant Jones' Motion to Renew (No. 1:11-12239 dkt. no. 98) is GRANTED. Plaintiff's Motions to Consolidate (No. 1:11-12239 dkt. no. 101 and 11-11901 dkt. no. 15) are DENIED without prejudice to renewal after resolution of the summary judgment motion. Further action in the Massachusetts case (No. 1:11-11901) is STAYED pending resolution of the summary judgment motion.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge